IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. SUSAN NEDZA, M.D., <br><br>　　　　　Plaintiff/Relator <br><br>　v. <br><br>AMERICAN IMAGING MANAGEMENT, INC., et al., <br><br>　　　　　Defendants. | Case No. 15-cv-06937 <br><br> Judge Jorge L. Alonso |

**DEFENDANT HEALTH FIRST HEALTH PLANS, INC.'S
SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

Defendant Health First Health Plans, Inc. ("Health First") moves this Court to dismiss the SAC for all of the reasons laid out in its Motion to Dismiss Relator's First Amended Complaint, Dkt. 101, and its supporting memorandum, Dkt. 102, (collectively "Health First's Motion"), which it adopts and incorporates here. Health First files this supplement in response to Relator's Second Amended Complaint ("SAC"), which does nothing to remedy the fatal pleading deficiencies in her First Amended Complaint ("FAC"). On the contrary, it exacerbates some of them. The SAC now contains only a single reference to Health First, and describes no conduct by Health First at all, let alone with particularity. And, like the FAC, the SAC still fails to allege any claim for payment submitted by Health First to the government; fails to allege falsity or materiality with particularity as to Health First; fails to state a claim as to Health First; and, in any event, the SAC is barred as publicly disclosed. These failures (independently and collectively) compel this Court to dismiss the SAC *with prejudice* as to Health First.

### I. Procedural History

Pursuant to this Court's order, Dkt. 84, Health First filed its Motion February 12, 2018. Also on February 12, 2018, Relator filed a motion seeking leave to file an unopposed second amended complaint. *See* Dkt. 97. The Court granted Relator's motion on February 16, 2018, Dkt. 113, and Relator filed her SAC on February 23, 2018, Dkt. 121. The Court also entered and continued Health First's motion to dismiss, and extended Health First's deadline to file a responsive pleading to March 12, 2018. *See* Dkt. 113. Per this extension, Health First files the instant motion and supporting memorandum.

### II. Argument

Each of the arguments raised in Health First's Motion applies equally to Relator's SAC. Relator's amendments were made for two limited purposes: (1) to update the names of certain legal entities with regard to one defendant, and (2) to correct Relator's error regarding Health First's relationship to Anthem in Paragraph 23 – specifically, to remove Health First from the list of entities of which Anthem is the parent company, acknowledging that, contrary to Relator's misapprehension reflected in Relator's FAC, Health First has no relationship to Anthem. *See* Dkt. 97, ¶ 4.

Neither of these changes addresses in any way the deficiencies cited in Health First's Motion. In fact, Relator's amendment exacerbates the sparsity of her pleading with regard to Health First, decreasing the allegations that refer to Health First by fifty percent – *from two to only one*. Literally the *only* allegation remaining in the SAC that references Health First – instead of the collective Defendant Insurance Plans[1] – alleges that AIM made a temporary

---

[1] As explained in detail in Health First's Motion, Relator's collective allegations are inappropriate in the context of Rule 9(b), as they fail entirely to inform Health First of the "specific fraudulent acts that constitute the basis of the

change to the services it provided to Health First during a four month period in 2014. This minimal and irrelevant allegation does not describe *any* conduct by Health First, let alone conduct that could violate the False Claims Act ("FCA"), and is therefore radically insufficient to sustain an FCA suit against Health First, under Rule 8 or Rule 9(b). *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (Under Rule 8, "…plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law."); *U.S. ex. rel. Grenadyor v. Ukrainian Vill. Pharmacy, Inc.*, 772 F.3d 1102, 1106 (7th Cir. 2014) (Rule 9(b) requires a complaint to "state the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the [government].") (internal citations and quotations omitted). Certainly Relator's amendments do nothing to correct her failure to plead the submission of any false claim by Health First - "the *sine qua non* of a False Claims Act violation", or to plead falsity or materiality specifically and with particularity. *Teva Pharm. USA Inc.*, No. 15-cv-2309, 2017 WL 36447, at *3 (N.D. Ill. Jan. 4, 2017) (J. Alonso) (internal citations and quotations omitted). Therefore, the SAC should be dismissed, *with prejudice*, for all the reasons laid out in Health First's Motion.

Further, while Health First appreciates Relator's correction of her inaccurate assertion in the FAC that Health First is an Anthem entity, the inclusion of this clearly erroneous allegation in Relator's original pleading is nevertheless revealing. Relator failed wholly to undertake the basic diligence required even to understand that Health First is not related to Anthem – she was unaware of this fact until Defendants informed her that the entities have no relationship. *See*

---

action" against Health First in particular. *Suburban Buick, Inc. v. Gargo*, No. 08-cv-0370, 2009 WL 1543709, at *4 (N.D. Ill. May 29, 2009).

Dkt. 97, ¶ 6.  Given this failure to gather even general facts about Health First before accusing it of fraud against the government, it is perhaps not surprising that Relator so completely failed to allege the "who, what, when, where, and how" of any conduct by Health First, let alone conduct by Health First that could have violated the FCA.  *U.S. ex rel. Radke v. Sinha Clinic Corp.*, No. 12 cv 6238, 2015 WL 4656693, at *2 (N.D. Ill. Aug. 5, 2015) (internal citations and quotations omitted).  The allegations in both the FAC and SAC reveal that Relator knows nothing about Health First, its operations, its relationships with Anthem or AIM, or any of its particular conduct.  This type of groundless fishing expedition is precisely the type of conduct that Rule 9(b) is intended to prevent.  *See U.S. ex rel. O'Donnell v. Am. at Home Healthcare & Nursing Servs., Ltd.*, No. 14-cv-1098, 2017 WL 2653070, at *5 (N.D. Ill. June 20, 2017).  Relator's wholesale ignorance of Health First or of any basis to accuse Health First, in particular, of fraud necessitates the dismissal of the SAC under Rule 9(b).  This Court should not countenance what is, at best, irresponsible pleading by a litigant who fails to conduct even the most basic diligence prior to subjecting another party to litigation and its attendant expenses, costs, and other detriments.

Finally, Health First understands and anticipates that the other Defendants in this action are likely to file their own motions to dismiss Relator's SAC, but that these motions will not be filed until *after* Health First's deadline to file this responsive pleading.  Because of the difference between Health First's and the other Defendants' briefing schedules, Health First has not yet had the opportunity to review the final briefs of the other Defendants.  Health First anticipates that some of the arguments raised in these briefs may potentially apply to Health First as well.  To the extent that these arguments do apply to Health First, and that Health First's motion to dismiss remains undecided at such time as the Court has the opportunity to consider these briefs, Health

First incorporates these arguments in support of its motion to dismiss the SAC.

In sum, Relator's amendments do nothing to correct, but rather, highlight the insurmountable deficiencies in Relator's pleading. Based on these failures, and for all the reasons stated in Health First's Motion and above, the Court's dismissal, *with prejudice*, of the SAC as to Health First is compelled.

WHEREFORE, Health First respectfully requests that the Court dismiss the SAC with prejudice.

March 12, 2018 Respectfully submitted,

/s Kevin Cloutier
Kevin M. Cloutier (ARDC 6273805)
Mikela T. Sutrina (ARDC 6311408)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
70 West Madison Street, Suite 4800
Chicago, IL 60602
Tel: (312) 499-6300
Fax: (312) 499-6301
Email: kcloutier@sheppardmullin.com
Email: msutrina@sheppardmullin.com

Robert T. Rhoad (*pro hac vice*)
Erica J. Kraus (*pro hac vice*)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
2099 Pennsylvania Ave., NW, Suite 100
Washington, D.C. 20006
Tel: (202) 747-1900
Fax: (202) 747-1901
Email: rrhoad@sheppardmullin.com
Email: ekraus@sheppardmullin.com

*Counsel for Defendant Health First Health Plans, Inc.*

5

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on March 12, 2018, she filed the foregoing with the Clerk of the United States District Court for the Northern District of Illinois, using the CM/ECF system, which shall send notification of such filing to all counsel record at their email addresses on file with the Court.

                                                */s/ Mikela T. Sutrina*
                                                Mikela T. Sutrina