# EXHIBIT A

U. S. Department of Justice

Office of the Associate Attorney General

---

The Associate Attorney General
*Washington, D.C. 20530*

January 25, 2018

MEMORANDUM FOR:    HEADS OF CIVIL LITIGATING COMPONENTS
                   UNITED STATES ATTORNEYS

CC:                REGULATORY REFORM TASK FORCE

FROM:              THE ASSOCIATE ATTORNEY GENERAL

SUBJECT:           Limiting Use of Agency Guidance Documents
                   In Affirmative Civil Enforcement Cases

On November 16, 2017, the Attorney General issued a memorandum ("Guidance Policy") prohibiting Department components from issuing guidance documents that effectively bind the public without undergoing the notice-and-comment rulemaking process. Under the Guidance Policy, the Department may not issue guidance documents that purport to create rights or obligations binding on persons or entities outside the Executive Branch (including state, local, and tribal governments), or to create binding standards by which the Department will determine compliance with existing statutory or regulatory requirements.

The Guidance Policy also prohibits the Department from using its guidance documents to coerce regulated parties into taking any action or refraining from taking any action beyond what is required by the terms of the applicable statute or lawful regulation. And when the Department issues a guidance document setting out voluntary standards, the Guidance Policy requires a clear statement that noncompliance will not in itself result in any enforcement action.

The principles from the Guidance Policy are relevant to more than just the Department's own publication of guidance documents. These principles also should guide Department litigators in determining the legal relevance of other agencies' guidance documents in affirmative civil enforcement ("ACE").[1]

---

[1] As used in this memorandum, "guidance document" means any agency statement of general applicability and future effect, whether styled as "guidance" or otherwise, that is designed to advise parties outside the federal Executive Branch about legal rights and obligations. This memorandum does not apply to adjudicatory actions that do not have the aim or effect of binding anyone beyond the parties involved, documents informing the public of agency enforcement priorities or factors considered in exercising prosecutorial discretion, or internal directives, memoranda, or training materials for agency personnel. For more information, see "Memorandum for All Components: Prohibition of Improper Guidance Documents," from Attorney General Jefferson B. Sessions III, November 16, 2017. "Affirmative civil enforcement" refers to the Department's filing of civil lawsuits on behalf of the United States to

Memorandum for Civil Litigating Components
Subject: Limiting Use of Guidance Documents                                    Page 2

Guidance documents cannot create binding requirements that do not already exist by statute or regulation.

Accordingly, effective immediately for ACE cases, the Department may not use its enforcement authority to effectively convert agency guidance documents into binding rules.

Likewise, Department litigators may not use noncompliance with guidance documents as a basis for proving violations of applicable law in ACE cases.

The Department may continue to use agency guidance documents for proper purposes in such cases. For instance, some guidance documents simply explain or paraphrase legal mandates from existing statutes or regulations, and the Department may use evidence that a party read such a guidance document to help prove that the party had the requisite knowledge of the mandate.

However, the Department should not treat a party's noncompliance with an agency guidance document as presumptively or conclusively establishing that the party violated the applicable statute or regulation. That a party fails to comply with agency guidance expanding upon statutory or regulatory requirements does not mean that the party violated those underlying legal requirements; agency guidance documents cannot create any additional legal obligations.

This memorandum applies only to future ACE actions brought by the Department, as well as (wherever practicable) those matters pending as of the date of this memorandum. This memorandum is an internal Department of Justice policy directed at Department components and employees. Accordingly, it is not intended to, does not, and may not be relied upon to, create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal.

---

recover government money lost to fraud or other misconduct or to impose penalties for violations of Federal health, safety, civil rights or environmental laws. For example, this memorandum applies when the Department is enforcing the False Claims Act, alleging that a party knowingly submitted a false claim for payment by falsely certifying compliance with material statutory or regulatory requirements.