**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| United States, ex rel. Dr. Susan Nedza, Relator, v. American Imaging Management, Inc., *et al.*, Defendants. | No. 1:15-cv-006937 Hon. Jorge L. Alonso |

**MEMORANDUM IN SUPPORT OF DEFENDANTS
PROVIDENCE HEALTH PLAN AND PROVIDENCE
HEALTH ASSURANCE'S MOTION TO DISMISS
RELATOR'S SECOND AMENDED COMPLAINT**

    The Relator's claims against Providence Health Plan and Providence Health Assurance (collectively referred to herein as the "Providence Plans") should be dismissed because the Relator makes no specific allegations about any alleged wrongdoing by the Providence Plans, which is not surprising because the Relator did not even know the identity of the correct Providence entities until informed by the undersigned counsel. The Relator's Second Amended Complaint ("SAC") alleges violations of the False Claims Act ("FCA") arising from alleged deficiencies in the utilization management services provided by American Imaging Management, Inc. ("AIM") on behalf of a long list of Medicare Advantage insurance plans. The SAC lumps together over two dozen health insurance plans, including the Providence Plans, but fails to make specific allegations about the plans or their alleged false claims.

    The claims against the Providence Plans should be dismissed because the SAC fails to plead fraud ***against the Providence Plans*** with the requisite particularity required by Federal

Rule of Civil Procedure 9(b). The 47 page SAC does not mention the Providence Plans in any substantive allegation. The SAC fails to state with particularity any information about any claim submitted by the Providence Plans to the Government, or how the Providence Plans' conduct resulted in any fraudulent misrepresentation to the Government, or any alleged improper conduct by the Providence Plans that would have been material to the Government's decisions to pay the Providence Plans. As noted below, the Relator did not even know anything about the Providence Plans, as evidenced by the fact that she originally named the wrong Providence entity and had to amend her complaint to name the Providence Plans after undersigned counsel notified her attorneys about them. The SAC fails to state a plausible FCA violation against the Providence Plans and should be dismissed with prejudice.

Additionally, as is set forth in the Motion to Dismiss filed at docket number 145 by the AIM Defendants and other insurance plan defendants ("AIM Motion to Dismiss"), the Motion to Dismiss filed at docket number 102 by Health First ("Health First Motion to Dismiss"), and the Motion to Dismiss filed on March 13, 2018 by Blue Cross Blue Shield of Michigan Mutual Insurance Company ("BCBSM Motion to Dismiss"), the Relator's SAC fails with respect to all Defendants because: (1) she fails to allege with the requisite specificity any actual submission of a false claim by any defendant; (2) she fails to plead facts sufficient to satisfy the materiality requirements for an FCA claim; and (3) her claims are barred by the FCA's public disclosure and original source provisions because the SAC relies entirely on publicly available information and she has not alleged that she is the original source of her allegations of fraud. The Providence Plans join in and incorporate by reference the AIM, Health First, and BCBSM Motions to Dismiss.

4832-7956-9759v.5 0048612-000006

**ARGUMENT**

**I.    Relator Fails to Plead with Particularity Allegations against the Providence Plans.**

The Relator's claims against the Providence Plans should be dismissed because the SAC does not plead an FCA violation by the Providence Plans with anything remotely close to the particularity required by Rule 9(b).[1]  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).  Claims brought under the FCA are also subject to heightened pleading requirements that require plaintiffs to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *United States ex rel. Keen v. Teva Pharms. USA Inc.*, No. 15 C 2309, 2017 WL 36447, at *2 (N.D. Ill. Jan. 4, 2017) (quoting *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 775 (7th Cir. 2016)).  To satisfy Rule 9(b), a Relator must plead "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated . . . or, to put it differently . . . the who, what, where, when and how of the alleged fraudulent conduct." *Keen*, 2017 WL 36447, at *2 (quotations and citations omitted); *see also Presser*, 836 F.3d at 776.[2]

The Relator attempts to plead causes of action under both the False Claim (31 U.S.C. § 3729(a)(1)(A)) and False Statement (§ 3729(a)(1)(B)) prongs of the FCA.  To allege a claim under § 3729(a)(1)(A), the Relator must plead as to each defendant: (1) a false claim; (2) presented by the defendant to the United States for payment or approval; (3) with knowledge the

---

[1] The Health First Motion to Dismiss sets forth in detail the standards and relevant arguments, which apply equally to the Providence Plans. *See* Dkt. No. 102. The Providence Plans incorporate by reference that Motion.

[2] The Providence Plans further incorporate by reference the legal standards set forth in the AIM and Health First Motions to Dismiss. *See* Dkt. Nos. 102, 145.

3

claim was false. *United States ex rel. Fowler v. Caremark RX, L.L.C.*, 496 F.3d 730, 741 (7th Cir. 2007), *overruled in part on other grounds by Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907 (7th Cir. 2009). To plead a violation of § 3729(a)(1)(B), Relator must allege: (1) each defendant made a statement material to a false claim; (2) the statement was false; and, (3) the defendant knew the statement was false. *Thulin v. Shopko Stores Operating Co.*, 771 F.3d 994, 998 (7th Cir. 2014). The SAC falls short in every respect.

In fact, the SAC mentions the Providence Plans ***only three times***: (1) in the caption; (2) in the introductory paragraph listing all of the defendants; and (3) in Paragraph 23, where the Relator acknowledges that the Providence Plans are not Anthem insurance plans. *See* SAC. The SAC contains ***no other allegations specific to the Providence Plans***. *See id.* Instead, the SAC lumps the Providence Plans together with the two dozen other insurance plans and makes generic allegations about the "Defendant Insurance Plans." *See id.* However, as is discussed fully in the AIM and First Health Motions to Dismiss, such non-specific group pleading is insufficient to satisfy the high bar set by Rule 9(b). *See* Dkt. No. 145 at 12-15; Dkt. No. 102 at 5-7; *see also*, *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 471 (7th Cir. 1999) (affirming dismissal of a fraud claim under Rule 9(b) because the complaint grouped all defendants together and failed to associate particular defendants with particular statements).

Without particular allegations of any conduct by the Providence Plans, let alone a claim submitted by the Providence Plans, the SAC does not provide close to the specificity required by Rule 9(b). There is no specific allegation anywhere in the SAC as to any improper conduct by the Providence Plans, how the Providence Plans would have had any knowledge of AIM's alleged conduct, or how AIM's alleged conduct was connected to any claim for payment or statement made to the government by the Providence Plans. Although the SAC alleges high

4

denial rates as support for the Relator's theory that AIM's process resulted in inappropriate denials, the SAC makes no allegations about the Providence Plans' denial rates, about their communications with AIM, or about the propriety of any particular denials of imaging services for members of the Providence Plans. The SAC does not even allege that the Providence Plans in fact had higher than average denial rates, or had knowledge of such through correspondence or other events, as alleged regarding some of the other health plan defendants. *See, e.g.*, SAC at ¶¶ 119, 120, 121, 126, 129.[3] And the SAC fails to identify even one false claim that the Providence Plans submitted to the Government.

Moreover, the SAC does not make specific allegations about the existence, nature, duration, or any other feature of any contractual arrangement between the Providence Plans and AIM. To the contrary, the Relator did not even know which Providence entities contracted with AIM until informed by undersigned counsel after naming an incorrect Providence entity (that had never contracted with AIM) in the First Amended Complaint. *See* First Amended Complaint (naming "Providence Health & Services-Oregon" as a defendant instead of the Providence Plans); *see also* Dkt. No. 97 at 2-3 (explaining that the SAC was necessary, in part, to name the correct Providence entities identified by counsel for the Providence entities). This only underscores the complete lack of investigation conducted by the Relator and her failure to satisfy Rule 9(b)'s requirements.

The SAC is devoid of any allegation as to the who, what, where, when, or how of the Providence Plans' alleged involvement in any fraud. *See Bank of Am., N.A., v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). And the Relator's pleading defects cannot be cured via amendment, as

---

[3] Those limited health-plan specific allegations are still insufficient under Rule 9(b), as discussed in the AIM, First Health, and BCBSM Motions to Dismiss.

the Relator has already filed two amended complaints and her complete ignorance regarding any wrongdoing by the Providence Plans is readily apparent. The Court should not permit the Relator to use civil discovery as a fishing expedition when she has raised no grounds for accusing the Providence Plans of fraud in the first place. As such, the Relator's claims against the Providence Plans should be dismissed with prejudice.[4]

## II. The Relator's Claims against the Providence Plans Fail for the Reasons Set Forth in Co-Defendants' Motion to Dismiss.

The Providence Plans join in and incorporate by reference the AIM, Health First, and BCBSM Motions to Dismiss. As is set forth in the those Motions, the Relator's claims against all Defendants, including the Providence Plans, fail because: (1) the Relator does not plead submission of any allegedly false claim with particularity; (2) the Relator does not plead a false claim submitted by any defendant; (3) the Relator fails to allege any particular false statement or certification; (4) a failure to comply with guidance documents cannot be an FCA violation; and (5) the Relator has not alleged objective falsity with respect to any of the Defendants' practices. *See* Dkt. No. 145 at 9-21. The Relator's claims against all of the Defendants fail for the additional reason that the Relator has not pled facts sufficient to satisfy the rigorous materiality requirements the Supreme Court mandated in *United States v. Escobar*, 136 S. Ct. 1989 (2016), to the extent that Relator's claims are based on a theory of implied false certification. *See* Dkt. No. 145 at 21-25. The Relator's claims are further barred by the FCA's public disclosure and original source provisions, as the claims against all of the Defendants are based entirely on publicly available information and Relator does not adequately plead that she is an original source. *See* Dkt. No. 145 at 25-27. In the interest of judicial economy, the Providence Plans do

---

[4] The Providence Plans further incorporate by reference the discussion on dismissal with prejudice contained in the Health First Motion to Dismiss. *See* Dkt. No. 102 at 15.

not repeat those arguments here, but specifically incorporate by reference the AIM, Health First, and BCBSM Motions to Dismiss. For the reasons set forth in those Motions, all claims against the Providence Plans should be dismissed.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in the AIM, Health First, and BCBSM Motions to Dismiss, the Providence Plans respectfully request that the Court dismiss with prejudice all of the Relator's claims against the Providence Plans.

Dated: March 13, 2018

Respectfully submitted,

*/s/Jeffrey B. Coopersmith*
Jeffrey B. Coopersmith (WSBA No. 30954)
Lauren B. Rainwater (WSBA No. 43625)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel:    (206) 622-3150
Fax:    (206) 757-7700
laurenrainwater@dwt.com
jeffcoopersmith@dwt.com

Todd C. Jacobs (ARDC No. 6201358)
David M. Caves (ARDC No. 6292531)
BRADLEY RILEY JACOBS PC
320 W. Ohio Street, Suite 3W
Chicago, IL 60654
Tel:    (312) 281-0295
Fax:    (319) 363-9824
tjacobs@bradleyriley.com
dcaves@bradleyriley.com

*Attorneys for Defendants Providence Health Plan and Providence Health Assurance*

4832-7956-9759v.5 0048612-000006

## CERTIFICATE OF SERVICE

      I hereby certify that the above document was filed through the CM/ECF system and will be served upon the attorneys of record by electronic means on March 13, 2018.

>*/s/ Lauren B. Rainwater*
>Lauren B. Rainwater
>DAVIS WRIGHT TREMAINE LLP\
>Counsel for Defendants Providence Health Plan and Providence Health Assurance

4832-7956-9759v.5 0048612-000006