**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ) | |
| DR. SUSAN NEDZA, ) | |
| ) | |
| Plaintiff-Relator, ) | |
| ) | Case No. 15 C 6937 |
| v. ) | Judge Jorge L. Alonso |
| ) | Magistrate Judge Susan Cox |
| AMERICAN IMAGING ) | |
| MANAGEMENT, INC., et al. ) | |
| ) | |
| Defendants. ) | |

**QUALIFIED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1. The parties and their attorneys are hereby authorized to receive, subpoena and transmit "Protected Health Information" to the extent and subject to the conditions outlined herein.

2. Confidential Health Information. The Parties desire to ensure the privacy of patient/insured/member medical records, patient/insured/member claims information, and other information that the Parties have determined might contain sensitive personal health information ("Confidential Health Information"). Confidential Health Information is intended to encompass any patient health information protected by any state or federal law, including, but not limited to, "Protected Health Information," as defined below, and agree that any Confidential Health Information shall be deemed "Confidential." Confidential Health Information does not include any document or information in which the producing Party has redacted personal identifiers and does not have actual knowledge that the information could be used alone or in combination with other

information to identify an individual who is the subject of the information. A Producing Party may, but is not required to, perform such redactions before producing documents that originally contained "Confidential Health Information" so long as the redactions do not result in prejudice to another Party.

(a) Protected Health Information. Protected Health Information, as used herein, has the same scope and definition as set forth in 45 C.F.R. §160.103. Without limiting the generality of the foregoing, Protected Health Information includes, but is not limited to, health information, including demographic information, relating to: the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual. It also includes, but is not limited to, medical bills, claims forms, charges sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefits, checks, notices, and requests, and includes all notes, summaries, compilations, extracts, abstracts or oral communications that are based on or derived from Protected Health Information, regardless of form or format in which the individual who is the subject of the information can be identified.

(b) Safeguards for Confidential Health Information. The Parties also seek to ensure that any person who receives and stores Confidential Health Information in connection with this Proceeding will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Health Information, and to prevent unpermitted use or disclosure of any Confidential Health Information they may receive from any person in connection with this Proceeding. Confidential

Health Information will be securely destroyed, deleted, or returned pursuant to the provisions of paragraph 6 below.

3. All "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose Protected Health Information to attorneys representing either party in the above-captioned litigation.

4. The parties and their attorneys shall be permitted to use or disclose the Protected Health Information for purposes of prosecuting or defending this action including any appeals of this case only after signing Attachment A. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

5. Prior to disclosing Protected Health Information to persons involved in this litigation, counsel shall inform each such person that the Protected Health Information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving Protected Health Information do not use or disclose such information for any purpose other than this litigation.

6. Within 90 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of Protected Health Information received from counsel pursuant to paragraph four of this Order, shall return Protected Health Information to the covered entity or destroy any and all copies of Protected Health Information, *except* that counsel are not required to secure the return or destruction of Protected Health Information submitted to the court.

7. This Order does not control or limit the use of Protected Health Information that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

8. Nothing in this Order authorizes counsel for either party to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

9. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Protected Health Information under seal.

**Dated**: 6/24/2020

**ENTER**:

_____

**Susan E. Cox**
**United States Magistrate Judge**

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States, ex rel. Dr. Susan Nedza, | ) | |
| | ) | |
| Plaintiff-Relator, | ) | No.   15-cv-6937 |
| v. | ) | |
| American Imaging Management, Inc. | ) | Judge Jorge L. Alonso |
| | ) | Magistrate Judge Susan Cox |
| Defendant. | ) | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Qualified Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Qualified Protective Order and understands that the terms of the Qualified Protective Order obligate him/her to use materials designated as Protected Health Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Protected Health Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Qualified Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

4829-2017-5296.3

_____

Date: _____   _____