UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES, EX REL. DR. SUSAN NEDZA, | ) | |
| | ) | |
| Plaintiff-Relator, | ) | NO.  15-CV-6937 |
| v. | ) | |
| AMERICAN IMAGING MANAGEMENT, INC. | ) | JUDGE JORGE L. ALONSO |
| | ) | MAGISTRATE JUDGE SUSAN COX |
| Defendant. | ) | |

**Agreed  Confidentiality Order**

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. Scope.  All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. Confidential Information.  As used in this Order, "Confidential Information" means:  (a) information protected from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial  or any information that the party has maintained in confidence and is of such a nature that disclosure to persons other than those listed herein would create a substantial risk of economic injury that could not be avoided by less restrictive means, such as pricing proposals, projections, or agreements with third parties; financial projections or modeling; product or services development or proposals to third parties; or profit and sales figures; (d) information that the producing person is under a preexisting

4810-7507-4752.3

obligation to a third party to treat as confidential, information that the producing person has in good faith been requested by another Party or non-Party to so designate on the grounds that such other Party or non-Party considers such material to contain information that is confidential or proprietary to such Party or non-Party; (e) Confidential Health Information as defined in the HIPAA order of this case; (f) personal identity information as defined by Federal Rules of Civil Procedure Rule 5.2; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

3. Designation.

(a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b) A party may designate a document as Confidential Information only after review of the document by an attorney or a party appearing *pro se* who has in good faith determined that the document contains Confidential Information as defined in this order.[1]

4. Depositions.

Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken, prior to the conclusion of the deposition. Such designation shall be specific as to the portions that contain Confidential Information. Deposition testimony so designated shall be treated as Confidential Information protected by this Order until fourteen days after delivery of the transcript by the court reporter. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition

5. Protection of Confidential Material.

(a) General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

---

[1] An attorney who reviews the documents and designates them as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

4810-7507-4752.3

  (b)  Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9), and for persons or entities identified in subparagraphs (4)-(9), only after signing Attachment A. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

  (1)  Counsel. Counsel for the parties, attorneys in their law firms and employees of counsel or their law firms who have responsibility for the preparation and trial of the action;

  (2)  Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

  (3)  The Court and its personnel;

  (4)  Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

  (5)  Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

  (6)  Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

  (7)  Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6. Inadvertent Failure to Designate. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. Production of Privileged Materials. In the event that a producing party asserts that it failed to designate any production materials or other information as privileged or work product materials, it shall promptly notify all parties to whom such privileged or work-product protected material was produced or disclosed of the producing party's intent to assert a claim of privilege or

work product over such materials. Notice must be provided within 30 days of when the producing party discovers the production of the privileged document. The notice shall at least identify the document by Bates number, the privilege asserted, and explain the basis for the assertion of privilege. Upon such notice:

    (a)    If the receiving party intends to challenge the designation of the document(s) as privileged material, it shall promptly sequester all copies of the document(s), pending Court resolution of the challenge. Following notice by the producing party, the receiving party: (i) must not use or disclose the privileged material until the claim is resolved; and (ii) must take reasonable steps to retrieve the privileged material if the party disclosed it before being notified. The parties shall promptly meet and confer over any disagreements regarding the assertion of privilege. If the receiving party intends to challenge the designation of the document(s), it shall move the Court for relief within thirty (30) days following notification by the producing party. The burden of proving the privilege claim remains with the Producing Party.

    (b)    If the receiving party does not intend to challenge the designation of the document(s) as privileged material, the receiving party shall: (i) take reasonable steps to retrieve the privileged material if it disclosed or disseminated such information before being notified; and (ii) promptly return or certify destruction of the privileged material, including all copies. For purposes of this provision, return or certification of destruction of the material shall be considered prompt if it occurs within thirty (30) days of notification.

    8.    Identification of Disclosed Privileged Material by the Receiving Party. Nothing in this Order shall relieve counsel for any receiving party of any existing duty or obligation to return, and not to review, any privileged or work product materials without being requested by the

producing party to do so. Nothing in this Order is intended to shift the burden to identify privileged documents from the Producing Party to the Receiving Party.

9. Non-Waiver. Pursuant to the agreement of the Parties under Fed. R. Evid. 502(e) and by order of this Court under Fed. R. Evid. 502(d), no disclosure, production, or exchange of information in connection with this Action shall constitute a waiver of any privilege (including, without limitation, the attorney-client privilege and the attorney work product protection) in this or any other federal or state proceeding under any circumstances. This Order is intended to override any contrary law or presumptions, if and as applicable and permissible. The Parties' agreement to this Order, and compliance with its terms, shall be understood, for all purposes within and outside this Proceeding, to constitute reasonable and prompt efforts to preserve privileges and protections from discovery with respect to any disclosed privileged or work product-protected information.

This Protective Order governs all disclosures made in this Proceeding as to persons or entities in all state or federal proceedings, whether or not they were parties to this Proceeding. The fact of production of privileged information or documents by any producing party in this Proceeding shall not be used as a basis for arguing that a claim of privilege or work product has been waived in any other proceeding. Without limiting the foregoing, this Protective Order shall not affect the Parties' legal rights to assert privilege claims over documents in any other proceeding.

10. Filing of Confidential Information. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must: (a) provisionally file the document electronically under seal; (b) file electronically at the same time a public-record version of the document with the Confidential Information excluded; and (c) move the Court for leave to file the Confidential Information under seal. That sealing motion must be

4810-7507-4752.3

filed before or simultaneously with the provisional filing of the Confidential Information under seal, and must be noticed for presentment promptly thereafter. Any document filed under seal without such a sealing motion may be stricken by the Court without notice. At the hearing on the sealing motion, the party that designated the document as Confidential Information has the burden of demonstrating the need for sealing. Any document served on another party and any paper courtesy copy provided to the Court shall be a complete, unredacted version.

11. **No Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

12. **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer.** A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a

4810-7507-4752.3

competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

13. Action by the Court. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

14. Use of Confidential Documents or Information at Trial. Nothing in this Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing. A party that intends to present or which anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

15. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who

caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

16. Challenges by Members of the Public to Sealing Orders. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

17. Obligations on Conclusion of Litigation. The provisions of this Order shall continue with respect to any Confidential Information until expressly released by the Producing Party and shall survive the conclusion of this Action. Within ninety (90) days of the conclusion of this Action, including any appeals, all Parties and non-Parties shall take all commercially reasonable steps to return to counsel for the respective producing person, or to destroy, all material designated as Confidential Information, and all copies in their possession, except that counsel may

retain for its records their work product and a copy of all court filings, and exhibits introduced at any hearing or deposition; provided, however, that such retained documents shall continue to be treated as provided in this Order. Commercially reasonable steps do not include locating, isolating and returning Confidential Information in deposition transcripts, or in draft or final expert reports. If a Receiving Person chooses to take all commercially reasonable steps to destroy material designated as Confidential Information, rather than return, documents in accordance with this paragraph, that receiving person shall, if requested, verify such destruction in writing to counsel for the producing person. For purposes of this Order, the "conclusion of this Action" shall be deemed to be the latter of: (i) full settlement of all claims; (ii) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, and reviews; or (iii) the expiration of all time limits under federal law for the filing of or application for all appeals, rehearings, remands, trials, or reviews of this proceeding, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law. Notwithstanding anything in this paragraph, to the extent that the information in the material designated Confidential Information remains confidential, the terms of this Order shall remain binding.

.

18. Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

19. No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court

4810-7507-4752.3

may rule on a specific document or issue.

20. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms. This Order applies to all non-Parties that are served with subpoenas in connection with this Action or who otherwise produce documents with respect to this Action, and to the counsel for all such non-Parties, and all such non-Parties are entitled to the protections afforded hereby and subject to the obligations contained herein upon signing Attachment A and agreeing to be bound by the terms of this Order.

So Ordered.

Dated:
6/24/20

_____
U.S. Magistrate Judge Susan Cox

| WE SO MOVE<br>and agree to abide by the<br>terms of this Order | WE SO MOVE<br>and agree to abide by the<br>terms of this Order |
|---|---|
| *Counsel for Defendant American Imaging Management, Inc.* | *Counsel for Relator* |
| /s/ Lisa Noller | /s/ Matthew J. Piers |
| Lisa Noller, lnoller@foley.com | Matthew J. Piers, mpiers@hsplegal.com |
| Patrick McMahon, pmcmahon@foley.com | Charles Wysong, cwysong@hsplegal.com |
| Foley & Lardner, LLP | Emily R. Brown, ebrown@hsplegal.com |
| 321 North Clark Street, Suite 3000 | Hughes Socol Piers Resnick & Dym, Ltd. |
| Chicago, IL 60654 | 70 W. Madison Street, Suite 4000 |
| 312.832.4500 | Chicago, IL 60602 |
| | 312.580.0100 |
| Michael J. Tuteur, mtuteur@foley.com | |
| Jessica E. Joseph, jjoseph@foley.com | Steven Cohen, scohen@cohenlawgroup.com |

Foley & Lardner, LLP
111 Huntington Avenue, Suite 2600
Boston, MA 02199
617.342.4000

Cohen Law Group
70 West Madison Street, Suite 4000
Chicago IL 60602
312.327.8800

Erika Kelton, ekelton@phillipsandcohen.com
Peter Budetti, pbudetti@phillipsandcohen.com
Samuel Brown,
sbrown@phillipsandcohen.com
Phillips & Cohen LLP
2000 Massachusetts Ave. NW
Washington, DC 20036
202.833.4567

ATTACHMENT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES, EX REL. DR. SUSAN NEDZA, | ) | |
| | ) | |
| Plaintiff-Relator, | ) | NO. 15-CV-6937 |
| v. | ) | |
| AMERICAN IMAGING MANAGEMENT, INC. | ) | JUDGE JORGE L. ALONSO |
| | ) | MAGISTRATE JUDGE SUSAN COX |
| Defendant. | ) | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____   _____
                                  Signature