**TRANSCRIBED FROM DIGITAL RECORDING**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN NEDZA, ex rel, ) | |
| ) Plaintiff, ) | |
| ) | Case No. 15 CV 6937 |
| -vs- ) | |
| ) | Chicago, Illinois |
| AIM SPECIALTY HEALTH, et al., ) | October 21, 2020 |
| ) | 10:59 a.m. |
| Defendants. ) | |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE SUSAN E. COX, MAGISTRATE JUDGE

TELEPHONIC APPEARANCES:

For the Plaintiffs:   MR. MATTHEW J. PIERS
                      MR. CHARLES DAVID WYSONG
                      MS. EMILY REES BROWN
                      Hughes Socol Piers Resnick & Dym, Ltd.
                      70 West Madison Street, Suite 4000
                      Chicago, IL  60602
                      (312) 580-0100

                      MR. SAMUEL EMERSON BROWN
                      Phillips and Cohen LLP
                      2000 Massachusetts Avenue NW
                      Washington, DC 20036
                      (202) 833-4567

**PLEASE NOTIFY OF INCORRECT SPEAKER IDENTIFICATION**
NOTE:  USE OF A SPEAKERPHONE MAY MAKE PORTIONS
UNINTELLIGIBLE AND INAUDIBLE

Transcriber:

KATHLEEN M. FENNELL, CSR, RPR, RMR, FCRR
Official Court Reporter
United States District Court
219 South Dearborn Street, Suite 1426
Chicago, Illinois  60604
Telephone:  (312) 435-5569
Kathleen_Fennell@ilnd.uscourts.gov

```
 1  APPEARANCES:  (Continued)

 2  For the Defendants:    MS. LISA MARIE NOLLER
                           Foley & Lardner
 3                         321 N. Clark Street
                           Suite 2800
 4                         Chicago, IL  60654
                           (312) 832-4363
 5
                           MS. LUCILE H. COHEN
 6                         Nelson, Mullins, Riley & Scarborough LLP
                           1320 Main Street, 17th Floor
 7                         Columbia, SC 29201
                           (803)799-2000
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1      (Proceedings heard in open court:)
2         THE CLERK:  15 CV 6937, Nedza versus AIM Specialty
3  Health.
4         THE COURT:  Good morning.  This is Judge Cox.  Why
5  don't you enter your appearances, starting with the plaintiff,
6  please.
7         MR. WYSONG:  Good morning, your Honor.  Charlie
8  Wysong with Hughes, Socol, Piers, Resnick & Dym for the
9  relator.
10        THE COURT:  Good morning.
11        MR. WYSONG:  And I have with me Emily Brown and Matt
12 Piers from my office, and Sam Brown with Phillips and Cohen,
13 our co-counsel.
14        THE COURT:  Good morning.
15        MR. PIERS:  Good morning, your Honor.
16        MS. NOLLER:  Good morning, Judge Cox.  Lisa Noller
17 and Lucy Cohen for the defendant, AIM Specialty Health.
18        THE COURT:  Good morning to you as well.
19        All right.  First of all, guys, thanks for -- I'm
20 sorry about last Monday.  There was a little mix-up in
21 chambers, so I'm sorry we had to postpone until today.
22        I've read everything that you've filed on both the
23 issues regarding the ESI protocol and the issue of the --
24 essentially the temporal scope of discovery, and unless you
25 guys have anything you want to say, I'm prepared to rule.

1  MR. WYSONG: We're happy to handle it however you
2 like, your Honor, in terms of the relator. We can speak to
3 the issues or the details, answer questions. We're happy to
4 hear the Court's input.
5  THE COURT: Well, I will tell you that regarding the
6 protocol, if we could take that up first.
7  I'm really reluctant to add any additional language
8 to what is essentially a protocol that was developed here in
9 the Seventh Circuit essentially to facilitate electronic
10 discovery, and it seems to me that I think I agree with the
11 defendant that your additions really go beyond what the --
12 what is contemplated by both the discovery rules and our
13 protocol.
14  And I also think that they're -- that these kinds of
15 additional limitations can have the effect of creating more
16 discovery disputes, not less. So I'm not inclined to change
17 the protocol in the way that the plaintiff suggests.
18  However, I do not agree with the defendant that --
19 that Rule 9(b) essentially should limit the scope of the
20 discovery time period. I've reviewed the cases, and actually
21 the cases that the defendant relies on that advance their
22 argument are really out of district, and they're not very
23 persuasive to me.
24  It seems to me that clearly, at least in our circuit,
25 that limitation isn't really recognized, and I think that it's

1  not hard for me to see why the discovery time period from 2007
2  or thereabouts, which is essentially when AIM was acquired,
3  would be -- would be a good place to start.
4      On the other hand, I don't think we should really
5  extend that time period post the date of the complaint.  I
6  mean, I just don't see why that necessarily would cull
7  relevant information.
8      So that's where I'm inclined to fall on the disputes.
9      And I guess we'd probably use the first complaint
10 date, which is August 7th of 2015, I think, as opposed to the
11 third amended complaint, and it seems to me that eight years
12 of discovery should be more than enough for the plaintiff to
13 make its case or the case if that in fact -- if that case can
14 be made.
15     So that's kind of where I come out on your discovery
16 disputes, having read everything that you sent me and also the
17 case law that you've cited.
18     MS. NOLLER:  Your Honor, this is Lisa Noller.
19     Thank you for that, and not to argue with your ruling
20 because you've been very clear.  Obviously we agree
21 August 7th, 2015 is an appropriate cutoff.
22     Regarding the prior period, I would like to make an
23 argument for a more narrow period because in discovery that we
24 have started so far, we have actually asked the relator to
25 confirm the first date that the government was informed of the

1  claims, and they have refused to do that citing privilege over
2  the date.
3   But if we had the date under *Cochise*, which is a
4  recent Supreme Court case from last year, your Honor, we would
5  know whether the period of time dating back to 2007 actually
6  exceeds the statute of limitation for which they can cover
7  damages, and so that might augur in favor of a 2012 date
8  because the statute of limitations would be three years, not
9  ten years --
10   THE COURT: Well --
11   MS. NOLLER: -- prior to filing of the date of the
12  complaint.
13   THE COURT: Yeah, I mean, that's an excellent point
14  except I'm not sure the statute of limitations necessarily
15  would limit discovery prior to the period because discovery
16  could still be relevant with respect to the alleged scheme,
17  you know, so I don't -- I don't have -- I don't know -- I
18  don't know anything about the dispute that you flagged, which
19  is that they're not telling you the date. I don't have that
20  in front of me, but I'm not -- I don't necessarily agree that
21  the statute of limitations even would cut off the time period
22  for discovery.
23   MS. NOLLER: Understood. Can you let us know then
24  why the 2007 period is your elected start date just so it will
25  help us inform custodians?

1         THE COURT: Because that's when AIM was acquired, and
2 there might be information in that time period regarding how
3 the acquiring company viewed AIM's business practices or
4 whether there was some discussion about how those practices
5 were set up, so that's basically where I come out on that.
6         MS. NOLLER: Okay. Even though Anthem is not a
7 defendant.
8         THE COURT: Yes.
9         MS. NOLLER: Okay. Thank you, your Honor. That's
10 helpful clarification.
11         THE COURT: But, again, I don't believe that there's
12 any -- I don't believe there's any basis to extend the period
13 beyond the date of the first complaint, which is August 7th,
14 2015, and I don't believe any changes in the protocol are
15 warranted.
16         MR. WYSONG: Your Honor, this is Charlie Wysong.
17 Could we just briefly address the end date?
18         THE COURT: Sure, sure.
19         MR. WYSONG: Certainly -- the complaint was filed
20 under seal and certainly, you know, that's not long after
21 relator left, and so we do have up through near the current
22 information that practices and what we say was fraud were
23 ongoing. You know, we think, you know, there's no basis that
24 AIM was notified of the complaint at the time it was filed due
25 to the seal, and so, you know, we would suggest the more

Case: 1:15-cv-06937 Document #: 267 Filed: 11/13/20 Page 8 of 10 PageID #:1504

8

1  appropriate cutoff date would be the unsealing of the
2  complaint, your Honor.
3         THE COURT:  I actually think eight years of discovery
4  ought to be plenty here.
5         MR. WYSONG:  Certainly, your Honor, with the
6  understanding that we could --
7         THE COURT:  I mean, you can revisit -- I mean, if you
8  want to revisit this issue at a later point where you have a
9  little bit more to go on, sure, we can look at it.
10        MR. WYSONG:  Sure.
11        THE COURT:  But like I said, I think eight years is
12 plenty.
13        MR. WYSONG:  Understood, your Honor, and we
14 appreciate the -- we understand that, you know, as discovery
15 proceeds, if we can make a showing or a basis to revisit the
16 late -- the more recent years, approach that, certainly.
17        THE COURT:  Anything further?
18        What's your cutoff?
19        MS. NOLLER:  Your Honor, it's next June, I believe.
20        THE COURT:  Okay.  June of 2021.
21        Do you happen to have the date?
22        MS. NOLLER:  I can get it from the status report.
23        THE COURT:  I think I can get it from the docket.  I
24 just -- the referral to me was this June, so it's not my
25 cutoff.  That's the only reason I'm asking.

1   So when did the parties think it would be appropriate
2   to come back and check in?
3   MS. NOLLER:  Charlie, what do you think, maybe
4   60 days?
5   MR. WYSONG:  Yeah, I think we are actively working on
6   a number of discovery issues.  I don't want to run it too
7   long, but I think 60 days is appropriate for us to provide a
8   meaningful update, and certainly if we're permitted to inquire
9   if we think a sooner date would be helpful on particular
10  issues, we can reach out to chambers if that's acceptable.
11  THE COURT:  Sure.  That's fine.  You can always do
12  that.
13  So 60 days from today's date would be what, Nakita?
14  THE DEFENDANT:  That is the week of Christmas, so we
15  can see them the week before.
16  THE COURT:  Yeah.
17  THE CLERK:  Wednesday, December 16th at 10:00.
18  THE COURT:  Okay?
19  MS. NOLLER:  And, your Honor, there's one additional
20  item.  There are two pro hac vice motions pending for our
21  colleagues from Nelson Mullins that have not been ruled on.
22  THE COURT:  Oh, sure, I'm happy to grant those.
23  MS. NOLLER:  Thank you, your Honor.
24  MS. COHEN:  Thank you, your Honor.
25  THE COURT:  No problem.

1   THE CLERK: And, Judge, the discovery cutoff is
2   June 14th, 2021.
3   THE COURT: Oh, thank you, Nakita.
4   So if you do -- if you do -- pardon me. If you do
5   have any further -- if you have discovery disputes that you
6   want me to address on the 16th, just make our chambers aware
7   of it, and we'll tell you how to tee that up, okay?
8   MR. WYSONG: Yes, your Honor.
9   MS. NOLLER: Thank you, your Honor.
10  THE COURT: All right. Thanks, guys. Have a good
11  day.
12  MS. COHEN: Thank you, your Honor.
13  MR. WYSONG: Take care.
14  MR. PIERS: Thank you, Judge.
15  (Which were all the proceedings heard.)
16                        CERTIFICATE
17    I certify that the foregoing is a correct transcript from
18  the digital recording of proceedings in the above-entitled
19  matter to the best of my ability, given the limitations of
20  using a digital-recording system.
21
    */s/Kathleen M. Fennell*                *November 13, 2020*
22  _____          _____
    Kathleen M. Fennell                      Date
23  Official Court Reporter
24
25